JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH, (CABN 163973)
Chief, Criminal Division

BLAKE D. STAMM (CTBN 301887)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    E-Mail: blake.d.stamm2@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>HESHAM BADAWI, )<br>)<br>    Defendant. )<br>_____) | No. CR 07-0804 VRW<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

## I. INTRODUCTION

On January 10, 2008, defendant pled guilty to a single count information charging him with conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. Defendant pled pursuant to an agreement styled under Fed R. Crim. Pro. 11(c)(1)(A) & (B) in which he and the government have made non-binding sentencing recommendations to the Court. The parties have agreed and the Probation Officer also concurs that defendant's total offense level under the sentencing guidelines is 4. (In contemplation of the probation office's presentence investigation of defendant's criminal record, his criminal history was not part of the plea agreement.) The Probation Officer has concluded that defendant falls into Criminal History Category I. The government

concurs with these computations as well as the Probation Officer's sentencing recommendations.

Additionally, in his plea agreement, defendant stipulates to the forfeiture of close to $66,000.

## II.  STATEMENT OF FACTS

Defendant's plea agreement contains the following admissions:

> During the period from January 22, 2001 to August 9, 2006 in San Francisco, California, I routinely transmitted money by wire to recipients outside the United States from various bank accounts. I ran this money transmitting service as a business for profit; it was open to the public-- initially to members of the public already known to me and then to other members as well-- to wire transfer money outside the United States to recipients in Syria. I wired this money through various intermediary countries including Lebanon, the United Arab Emirates, China, France, South Korea, France, Switzerland, China, Germany and South Korea.
>
> During this period, I had not sought and I had not received a license from the State of California to engage in a business of receiving money for the purpose of transmitting the same or its equivalent to foreign countries. I stipulate that, California Financial Code Section 1800.3 provides "no person shall engage in the business of receiving money for the purpose of transmitting the same or its equivalent to foreign countries without first obtaining a license from the commissioner." I further stipulate that a violation of 1800.3 is punishable as a felony or a misdemeanor under section 1823 of the same Code and that I operated a business without obtaining the proper license as these provisions required. I further stipulate that my business affected interstate or foreign commerce by my transferring funds from the United States to destinations in foreign countries.
>
> To run my business, I maintained funds on deposit and wired funds from the following bank accounts:
>
> <u>Bank</u>                    <u>Account Number</u>              <u>Date Opened</u>

| | | |
|---|---|---|
| Wells Fargo Bank | 1015036518 | April, 2002 |
| U.S. Bank | 153-453570910 | September, 2005 |
| Bank of America | 01471-66039 | September, 2005 |
| Citibank | 40028385967 | September, 2005 |
| Bank of the West | 042-121202 | September, 2005 |

I used these bank accounts collectively to transmit an amount in excess of 4.8 million dollars abroad to over fifty beneficiaries in twenty-two countries for final payment to individuals in Syria. I retained percentages of this money as my fee.

### III. SENTENCING GUIDELINES CALCULATIONS

The Sentencing Guidelines should be calculated as follows:

| | | |
|---|---|---|
| Offense Level: | 24 | U.S.S.G. § 2S1.3(a)(2) |
| Specific Offense Characteristic: | 6 | U.S.S.G. 2S1.3(b)(3) (Reduce to 6 because defendant asserts and government cannot refute that funds were proceeds of lawful activity and used for a lawful purpose.) |
| | − 2 | U.S.S.G. § 3E1.1 (acceptance of responsibility) |
| **Total** | **4** | |

### IV. STATUTORY FACTORS

The criteria set out in 18 U.S.C. 3553(a) warrants the sentencing range set out in both the plea agreement and the Presentence Investigation Report. Defendant's record of a felony conviction, fine, and forfeiture would serve: (a) "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment"; (b) "to afford adequate deterrence" © " to protect the public from further crime by defendant".

### V. SENTENCING RECOMMENDATION

The United States submits that a sentence of two years probation, as well as a fine of $2,500 and the forfeiture of $65,992.72 complies with the United States Sentencing Guidelines, advances the purposes set forth in 18 U.S.C. § 3553(a), and amounts to a reasonable sentence. It is also a sentence consistent with the plea agreement and the

1  recommendation of the Probation Officer.
2  //
3  //
4  //
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //

                    Respectfully submitted,

                    JOSEPH P. RUSSONIELLO
                    United States Attorney

Dated: April 17, 2008                 /S
                    BLAKE D. STAMM
                    Assistant United States Attorney