Michael P. Thorman, State Bar No. 63008
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94545
(510) 785-8400
michael@btbandb.com

Attorneys for Defendant
Hesham Badawi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>HESHAM BADAWI,<br>        Defendant.<br>_____/ | No.  CR-07-0804 VRW<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date:  April 24, 2008<br>Time:  1:30 p.m.<br>Dept.:  Judge V. Walker |

## INTRODUCTION

Defendant Hesham Badawi stands convicted by his plea of one count of conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. The defendant agrees with the guideline calculations that are set forth in the pre-sentence investigative report but writes separately in this sentencing memorandum to bring certain matters to the Court's attention which pertain to the appropriate sentence to be imposed in this case.

## SENTENCING CONSIDERATIONS

1. Defendant's cooperation

Not contained in the pre-sentence report is the degree to which Mr. Badawi cooperated with the agents in the investigation in this case. This is not a criticism of the

1  probation officer who prepared the report, particularly since the agreed-upon guideline
2  calculations rendered moot any consideration of a sentence reduction under U.S.S.G. § 5K1.1 for
3  substantial cooperation. Nonetheless the Court should be aware of Mr. Badawi's cooperation.
4      Mr. Badawi first learned of the investigation in this case when federal officers
5  executed a search warrant at his office and his home. Following the search, Mr. Badawi talked
6  with the officers for many hours about his money transmitting business. When Mr. Badawi
7  thereafter obtained counsel, conversations between several of the agents and Mr. Badawi
8  continued and included detailed discussions about the nature and extent of Mr. Badawi's
9  business. At one point, at the request of the agents, Mr. Badawi and his counsel met at the San
10 Francisco FBI Office with agents from South Korea who had an interest in persons and
11 businesses to whom Mr. Badawi had sent money in South Korea as part of his money
12 transmitting business.
13     Ultimately the agents requested that Mr. Badawi act proactively in essentially an
14 undercover capacity to lure persons of interest to the agents into transactions that could form the
15 basis for further investigations and possible charges. When Mr. Badawi expressed his willingness
16 to tell the agents what he knew but not to work for them in creating or pursuing other criminal
17 leads, the relationship ended.
18     In my view, the above is a relevant consideration under 18 U.S.C. § 3553 in that it
19 shows Mr. Badawi to be a law abiding person who committed what amounts to a status offense.
20 There is certainly no need to impose a sentence to deter Mr. Badawi from committing further
21 crimes.
22     2.    Financial Conditions of Sentence
23     The recommendation of the probation report is that Mr. Badawi be ordered to pay
24 a fine of $2500.00. Based on the amount of funds that Mr. Badawi has forfeited, $65,992.72, Mr.
25 Badawi submits that he has already suffered a substantial enough financial penalty without
26 adding a fine to it as well. As explained in the pre-sentence report, paragraph 26, the amount of
27 forfeiture already equals or exceeds his total profit from operating the money transmitting
28 business.  Further punishment in this regard is not necessary.

The pre-sentence report also recommends that Mr. Badawi be ordered not to open any new lines of credit and/or incur new debt without prior permission of the probation officer, although this condition could be waived upon successful payments of all financial obligations imposed by the judgment. Neither the circumstances of this offense nor the additional financial obligations that might be imposed as part of this sentence justifies such a condition. If the Court is inclined to impose such restriction, the condition should be waived upon successful payment of any financial obligations imposed by the judgment.

3.  Term of Probation

Mr. Badawi has advised me that he intends to repatriate with his family to Syria in July, 2008. He does not presently have any intentions to return to the United States although he is a United States citizen.

While the Court has the power to order Mr. Badawi not to leave the country while he is on probation, there does not appear any reason to do so. At the same time, it is obviously impractical to transfer any probationary supervision to Syria. It is therefore requested that probation terminate upon his departure from the United States.

If the Court is concerned that Mr. Badawi intends to return to the United States after probation expires, the Court could order that the period of probation would be tolled from the time Mr. Badawi left the country and extending for some period of years, like four years. Mr. Badawi could be ordered to report to probation upon his re-entry into the country and probation supervision would recommence upon the occurrence of that eventuality. If Mr. Badawi had not returned to the country within the hypothetical four years, probation would simply terminate.

There are obviously other options the Court could pursue. In any event, the Court is respectfully requested to impose a sentence that would allow Mr. Badawi to repatriate to Syria.

Dated: April 21, 2008                                            Respectfully submitted,


_____/s/_____
Michael P. Thorman